**Harry LEWIS, Plaintiff,**

v.

**Alger B. CHAPMAN et al., Defendants.**

**No. 73 CIV. 4029.**

United States District Court, S. D. New York.

May 12, 1976.

Garwin & Bronzaft by Bertram Bronzaft, Sidney L. Garwin, Joseph E. Kovacs, New York City, for plaintiff.

Chadbourne, Parke, Whiteside & Wolff by Edward C. McLean, Jr., New York City, for defendant Squibb Corp.

Dewey, Ballantine, Bushby, Palmer & Wood by Leonard Joseph, Weaver H. Gaines, Jr., New York City, for defendants Chapman, Dobbs, Dobbs, Jr., Hanes, Lanvin, Mace, McCloy, O'Connell, Thomas, Salomon and Williams.

Winthrop, Stimpson, Putnam & Roberts by Merrell E. Clark, Jr., Theodore M. Weitz, New York City, for defendants Arnett, Davis, Dillingham, Fill, Furlaud, Green, Maginness, Parrish, Perry, Reid and Stannard.

MOTLEY, District Judge.

## MEMORANDUM OPINION

On February 25, 1976, the parties to this action entered into a Stipulation of Compromise and Settlement, under the terms of which this action would be terminated. Pursuant thereto, on February 27, 1976, this court signed an order for a hearing to be held for the purpose of determining whether that Stipulation should be approved as fair, reasonable and adequate and whether judgment should be entered thereon dismissing the action on the merits, with prejudice. Due notice having been given, such a hearing was held, and the court has concluded, for the reasons set out below, that the Stipulation of Compromise and Settlement is fair, reasonable and adequate, and simultaneously herewith, is entering an Order and Final Judgment to that effect.

This action was commenced in September 1973 as a purported derivative action on behalf of Squibb Corporation ("Squibb"). The claims are alleged to have arisen under various provisions of the Securities Exchange Act of 1934, including Sections 7, 10, 14 and 16(b) thereof and under the Rules and Regulations pursuant to that Act, as well as under the common law. The defendants named in the Complaint are Squibb, all of its directors at the time the Complaint was brought, and certain officers of Squibb at that time. The transactions complained of arose out of a stock purchase plan for key Squibb executives which was approved by Squibb stockholders and out of revisions of that plan which were also approved by Squibb stockholders.

The first cause of action alleges that sales of stock in 1968, 1970 and 1971 to certain of Squibb's officers and directors pursuant to Squibb's Key Employees' Stock Purchase Plan (the "Plan") were unlawful because Squibb extended credit to those purchasers in excess of the limits prescribed by the Rules and Regulations of the Federal Reserve Board as applicable under Section 7 of the Securities Exchange Act. It also alleges that shareholder approval of the Plan in 1969 was based upon an invalid proxy statement in that the proxy statement failed to reveal that the credit terms under the Plan were in contravention of those limits. Moreover, plaintiff alleges that certain sales were in violation of the terms of the Plan itself and that the actions of the di-

rectors in authorizing, permitting or acquiescing in the sales under the Plan were "illegal, ultra vires and void."

The Complaint further alleges that Squibb was notified by the staff of the Federal Reserve Bank of New York that the loans made pursuant to the Plan violated Regulation G of the Federal Reserve Board, in that the amount of the loan exceeded 45% of the market value of the securities held as collateral for the loan. Subsequently, in 1972, Squibb sought and received authorization from the shareholders to repurchase certain shares of its common stock and options from various executives, and on June 19, 1972, Squibb in fact purchased common stock and options from certain officers. Plaintiff alleges that the approval by the shareholders of the proposal to purchase common stock and options from those executives was based upon a proxy statement which was misleading in that it failed to reveal that the original sales to the executives were "unlawful, null and void" and that Squibb could have nullified the sales of stock to the executives and had the stock returned to it. Plaintiff further alleges that the proxy statement was misleading in that it failed to reveal that certain of the options which were repurchased were not then exercisable and that the options were not transferable by the optionees. Plaintiff alleges that the individuals from whom the stock and options were purchased received an excessive price and the transactions constituted an unjust enrichment, fraud and deceit in violation of Rule 10b–5 under the Securities Exchange Act.

Plaintiff alleges in a second cause of action that the purchase of options from three individual officers on June 19, 1972 was actually a device used to conceal a simultaneous exercise of the option and a sale of the underlying stock, and that therefore the profits in such transaction may be recovered by Squibb pursuant to Section 16(b) of the Securities Exchange Act.

■ Judge Wyatt of this District has articulated the standards which must be applied by the court in weighing an approval of a settlement in a case such as this: "Approval should be given if the settlement offered is fair, reasonable and adequate . . . . The most important factor is the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement. This factor is sometimes referred to as the likelihood of success." *State of West Virginia v. Chas. Pfizer & Co., Inc., et al.,* 314 F.Supp. 710, 740 (SDNY 1970), *aff'd* 440 F.2d 1079 (1971).

■ In the instant case, the court takes particular note of the fact that both causes of action put forward by plaintiff in the complaint involve novel issues of law. As regards the first cause of action, there are apparently no decisions involving a derivative action brought by a stockholder of a corporation against its officers and directors predicated on the concept that they caused the corporation to violate § 7(d) of the Securities Exchange Act and Regulation G of the Federal Reserve Board Rules. Similarly, there are no decisions involving a claimed violation of § 16(b) of the Act based on the purchase by a corporation from its officers and directors of stock options issued under a stock option plan, which is the gravamen of the second cause of action in this case.

It is not the function of this court in the present context to pass judgment on these and the various other theories of law put forward in the instant case. Yet, the existence of novel questions of law is a factor which the court must consider in assessing the fairness of a given settlement. In the instant case, the existence of such questions indicates that any ensuing litigation in this matter would be complex and lengthy, with no particular result assured. This is precisely the sort of case in which settlement is appropriate provided that such settlement is a fair one.

This matter having duly come on for hearing on April 14, with no dissenting parties present, the court, having examined the terms of the settlement in this case, and also having reviewed the several letters

sent protesting such settlement,[1] has determined that the Stipulation of Compromise and Settlement dated February 25, 1976 sets down terms which are fair, reasonable and adequate. Accordingly, an Order and Final Judgment is being filed this date directing the parties to consummate the terms and provisions of said Stipulation and dismissing this action with prejudice.

---

1. The letters so reviewed include those sent in by Fritzie Freundlich, R. R. Lowdon, Steven Kramer Morrison, Marvin Katz, and Paul Suess.